■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v SALESMEN UN-LIMITED AGENCY CORP. et al., Respondents, and JOSEPH SCHUPLER, Appellant. — In a supplementary proceeding to enforce a money judgment, defendant Joseph Schupler appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated February 21, 1984, which directed that he "present himself at Special Term, Part II, of [said court], on February 23, 1984 at 12:00 P.M. for commitment to the County Jail for a period of not less than ninety (90) days or such other disposition as the Court may decide at such time". ¶ Appeal dismissed, with costs to petitioner-respondent. Appellant's time to comply with the order dated February 21, 1984 is extended until the first business day after service upon him of a copy of the order to be made hereon, with notice of entry. The stay contained in the order of this court dated March 8, 1984 is vacated. ¶ Appellant does not have an unqualified right to invoke his Fifth Amendment privilege against self incrimination without making a showing that he is doing so in good faith because of some real danger or reasonable possibility that the answers to the questions asked may actually tend to incriminate him

(see *People ex rel. Taylor v Forbes,* 143 NY 219, 226-232; *Bradley v O'Hare,* 2 AD2d 436, 439-440; *Haftel v Appleton,* 42 Misc 2d 292, 294-295, app dsmd 21 AD2d 651). Following an *in camera* hearing, at which appellant and his attorney indicated the grounds for his invocation of the privilege, Justice Arthur Spatt held that appellant had no valid basis for such invocation, and by order dated November 19, 1982, directed him to answer the questions posed to him. Appellant made no showing that he will incur a danger of self incrimination by answering routine questions about his income and assets directed towards the satisfaction of a judgment (see *Capitol Prods. Corp. v Hernon,* 457 F2d 541, 542-544). Special Term was therefore empowered to hold him in contempt and punish him therefor, based on his refusal to answer such questions. ¶ Although appellant served a notice of appeal from that order, he failed to perfect the appeal in accordance with this court's rules (see *Federal Deposit Ins. Corp. v Salesmen Unlimited Agency Corp.,* 101 AD2d 877). Thereafter he was twice held in contempt by orders of the Supreme Court, Nassau County, dated May 11, 1983 and November 18, 1983, respectively. Apparently he has not appealed from those orders. Without regard to any alleged formal or procedural defects in prior orders in this proceeding, Special Term had jurisdiction to punish appellant for this third and latest refusal to answer questions, which occurred after it gave him leave to purge his prior contempt. That refusal constituted a new and independent instance of contempt which of itself empowered Special Term to punish him. ¶ However, by the order appealed from, dated February 21, 1984, appellant was directed to appear at Special Term, Part II, on a date certain for commitment to the county jail "or [for] such other disposition as the Court may decide at such time". That order neither held him in contempt nor punished him therefor; rather it merely directed him to appear on a date certain, at which time the question of an appropriate sanction for his previously adjudged contempt would be decided. It thus does not affect a substantial right and therefore is not appealable (CPLR 5701). ¶ Appellant's contention that the order appealed from is defective for failure to contain the statutorily required findings and recitals (see Judiciary Law, §§ 770, 772) is without merit for the reason that, as stated above, it neither holds him in contempt nor punishes him therefor. Should Special Term decide to commit him to jail for his contempt or impose other punishment, its order should of course contain the findings and recitals required by sections 770 and 772 of the Judiciary Law which are a jurisdictional prerequisite to its validity (see *Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790, and cases cited therein). Weinstein, J. P., Brown, Niehoff and Rubin, JJ., concur.