■ BURSTIN INVESTORS, INC., Respondent, v K.N. INVESTORS LTD. et al., Defendants, and NACHUM KALKA, Appellant. [698

NYS2d 512] —In an action, *inter alia*, to recover damages for fraud, the defendant Nachum Kalka appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated April 29, 1997, which granted the plaintiff's motion to hold him in contempt of court, and (2) an order of the same court dated April 29, 1997, as amended July 11, 1997, which directed that he be committed to the Dutchess County Jail for a term of six months. Justice Feuerstein has been substituted for former Justice Pizzuto (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated April 29, 1997, as amended July 11, 1997, which directed that the appellant be imprisoned is dismissed as academic, without costs or disbursements, as that order was vacated by an order of the same court dated October 2, 1998; and it is further,

Ordered that the order dated April 29, 1997, adjudging the appellant in contempt of court is reversed, on the law and the facts, and the plaintiff's motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

On February 23, 1996, after a nonjury trial, the Supreme Court awarded the plaintiff approximately eight million dollars in damages against the defendants Nachum Kalka and K.N. Investors Ltd. On or about February 28, 1996, Kalka and K.N. Investors Ltd. were served with a temporary restraining order enjoining them, and any entity owned or controlled by them, from transferring assets out of the jurisdiction or to any other person or entity. On March 22, 1996, the Supreme Court vacated the temporary restraining order and signed a judgment in favor of the plaintiff and against Kalka and K.N. Investors Ltd. Later that same day, the Supreme Court signed another temporary restraining order enjoining Kalka and K.N. Investors Ltd. from transferring any assets out of New York State or to any other person or entity, and the plaintiff served restraining notices on Kalka and Bank Leumi, which held substantial assets of Kalka.

Shortly before the restraining notice was served on Bank Leumi, Kalka transferred $530,000 from an account maintained in the name of Sharon Towers, Inc. (hereinafter Sharon Towers), and for which he had signatory authority, to another corporate account in Israel. The plaintiff subsequently moved to hold Kalka in contempt of court for failing to comply with the temporary restraining orders and the restraining notice. After a hearing, the Supreme Court granted the motion, finding that Kalka had violated the March 22, 1996, restraining notice, and ordered Kalka to be committed to the Dutchess County Jail for six months or until he returned the transferred funds to New York.

"In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed * * * Moreover, the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party * * * Finally, prejudice to the right of a party to the litigation must be demonstrated" (*Matter of McCormick v Axelrod,* 59 NY2d 574, 583).

In view of the fact that Kalka's interest in Sharon Towers has not been conclusively determined in this or any other proceeding, the Supreme Court erred in finding that Kalka disobeyed the March 22, 1996, restraining notice by transferring money from the Sharon Towers corporate account to Israel. In addition, it is unclear whether Kalka was served with the March 22, 1996, restraining notice prior to the transfer. Moreover, Kalka could not have disobeyed the temporary restraining order with which he was served on February 28, 1996, since it was no longer in effect at the time of the transfer. O'Brien, J. P., Sullivan, Florio and Feuerstein, JJ., concur.