■ In the Matter of ALAN GOLDBERG, Respondent, v MARY BENNER, Appellant. (Proceeding No. 1.) In the Matter of MARY

BENNER, Appellant, v ALAN GOLDBERG, Respondent. (Proceeding No. 2.) [668 NYS2d 659] —In two support proceedings pursuant to Family Court Act article 4 (1) by the father for a downward modification of his support obligation as set forth in a judgment of divorce, and (2) by the mother to fix arrears in maintenance, the mother appeals from so much of an order of the Family Court, Suffolk County (Dunn, J.), entered December 23, 1996, as directed the father to pay $350 per week in child support for the parties' daughter and denied her application for an award of counsel fees for both proceedings.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the mother an award of counsel fees for Proceeding No. 2 to fix arrears and substituting therefor a provision awarding her counsel fees for that proceeding; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for an evidentiary hearing in accordance herewith.

The mother and the father entered into a separation agreement on June 23, 1994. The agreement, which survived the parties' subsequent judgment of divorce, provided that the child support payments by the father were to be incorporated into the judgment of divorce. The agreement provided, *inter alia,* for payment of child support by the father to the mother for their three unemancipated children in the sum of $54,650 per year and payment of maintenance by the father to the mother in the sum of $26,000 per year for five years. At the time the agreement was entered into, the mother had physical custody of the three unemancipated children. In July 1995, the father received custody of two of the parties' three children. As a result, the father petitioned the court for, among other relief, a downward modification of his support obligation as well as counsel fees. The mother petitioned to fix arrears in maintenance and for counsel fees.

Contrary to the mother's contention, it was proper for the Family Court to reduce the father's child support obligation by two thirds since it now applies to only one child rather than three (*see, Rocchio v Rocchio,* 213 AD2d 535, 537; *Matter of Christodoulou v Christodoulou,* 212 AD2d 607, 608; *Matter of Goldberg v Aylward,* 72 AD2d 510).

The mother was successful in her proceeding to fix arrears in maintenance. Thus, the court erred in failing to award her counsel fees since the parties' separation agreement provided that counsel fees be paid by the defaulting party. However, the court did not improvidently exercise its discretion in denying

her an award of counsel fees for the litigation of the father's petition seeking downward modification of his child support obligation (*see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *O'Brien v O'Brien,* 66 NY2d 576, 590).

An evidentiary hearing on the issue of the amount of counsel fees to be awarded to the mother for her successful petition for arrears in maintenance is necessary "as a 'meaningful way of testing the [attorney's] claims relative to time and value' " (*Price v Price,* 113 AD2d 299, 309, *affd* 69 NY2d 8, quoting *Sadofsky v Sadofsky,* 78 AD2d 520, 521). Therefore, this matter is remitted to the Family Court to fix the amount of counsel fees in accordance herewith. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.