■ Coleen Rupp-Elmasri, Respondent, v Mohamed Elmasri, Appellant. [758 NYS2d 524] —In a matrimonial action in which the parties were divorced by judgment entered August 22, 2000, the defendant appeals from an order of the Supreme Court, Suffolk County (Kent, J.), dated October 11, 2001, which denied his motion (1) to adjudicate the plaintiff in civil contempt of the visitation provisions of the judgment of divorce, (2) to modify the custody provisions of the judgment, and (3) for an award of a reasonable attorney's fee in connection with bringing the motion.

Ordered that the order is affirmed, without costs or disbursements.

The judgment of divorce in this action, which awarded the plaintiff sole custody of the parties' two children, provides, among other things, that the parties are to divide the summer vacation period equally, so that it consists of alternating two-week periods. The defendant moved to hold the plaintiff in civil contempt of this provision based on her alleged refusal to

permit the defendant visitation with his younger daughter during the summer of 2001.

The party seeking to hold another in civil contempt bears the burden of proof (*see McCain v Dinkins,* 84 NY2d 216, 227 [1994]). To prevail, "the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Matter of County of Orange v Rodriguez,* 283 AD2d 494, 495 [2001] [internal quotations marks omitted]; *see McCain v Dinkins, supra*; Judiciary Law § 753 [A]). Here, the defendant did not meet his burden. Accordingly, denial of the defendant's motion to adjudicate the plaintiff in civil contempt and for other relief based on the allegation of contempt was proper. Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.