■ IWONA VUJOVIC, Respondent, v LJUBOMIR VUJOVIC, Appellant. [791 NYS2d 648]—

In a matrimonial action in which the parties were divorced by judgment dated May 26, 1998, the defendant former husband appeals from an order of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated January 22, 2004, which granted that branch of the motion of the plaintiff former wife which was for an award of an attorney's fee incurred in connection with her motion to hold him in contempt for willfully violating a so-ordered stipulation dated January 30, 2003.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion which was for an award of an attorney's fee is denied.

By so-ordered stipulation dated January 30, 2003, the parties agreed, inter alia, that the defendant former husband (hereinafter the defendant) would "sign a QDRO drafted in conformity with the Judgment of Divorce within 10 days of its delivery to the office of his attorney." According to the attorney for the plaintiff former wife (hereinafter the plaintiff), a copy of a Pension Authorization Form, Pension Appraisal Fact Sheet, and Qualified Domestic Relations Order Fact Sheet were forwarded to the defendant's former attorney and thereafter, sent directly to the defendant. The defendant allegedly was asked to provide certain information requested thereon and to return the forms to the plaintiff's attorney for the processing of the Qualified Domestic Relations Order (hereinafter QDRO). According to the plaintiff's attorney, the forms were not returned to him.

By order to show cause dated August 8, 2003, the plaintiff moved to hold the defendant in contempt for violating the so-ordered stipulation dated January 30, 2003, and for an award of an attorney's fee in connection with bringing the motion. The Supreme Court granted that branch of the plaintiff's motion which was for an award of an attorney's fee. We reverse.

A party seeking to hold another in civil contempt bears the burden of proof (*see McCain v Dinkins,* 84 NY2d 216, 227 [1994]; *Rupp-Elmasri v Elmasri,* 305 AD2d 394, 395 [2003]). In order to prevail on a motion to hold another in civil contempt, "the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Rupp-Elmasri v Elmasri, supra* at 395, quoting *Matter of County of Orange v Rodriguez,* 283 AD2d 494, 495 [2001]; *see also* Judiciary Law § 753 [A] [3]; *Goldsmith v Goldsmith,* 261 AD2d 576, 577 [1999]). The contempt must be proven by clear and convincing evidence (*see Green v Green,* 288 AD2d 436, 437 [2001]).

Here, the plaintiff did not meet her burden. The language in the so-ordered stipulation dated January 30, 2003, did not constitute a clear and unequivocal mandate. The stipulation did not direct the defendant to forward, complete, or execute any forms and/or authorizations within 10 days. Indeed, the Supreme Court did not make a finding that the defendant willfully violated a clear and unequivocal mandate of the Supreme Court. Thus, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of an attorney's fee incurred in connection with her motion to hold the defendant in contempt for willfully violating the so-ordered stipulation dated January 30, 2003 (*see Herr v Herr,* 5 AD3d 550, 553 [2004]).

The defendant's contentions regarding a separate so-ordered stipulation, dated September 16, 2003, are not properly raised on this appeal. Florio, J.P., Cozier, Rivera, and Skelos, JJ., concur.