■ MAUREEN COOPER, Appellant, v CHRIS COOPER, Respondent. [800 NYS2d 618]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated February 27, 2004, entitled "Final Order Directing Punishment Pursuant to Judiciary Law Section 770," as granted the defendant's motion to hold her in contempt for failure to comply with a prior order of the same court dated June 10, 2003, directed her incarceration for a term of four days, and awarded the defendant an attorney's fee in the sum of $5,000, (2) from an order of commitment of the same court also dated February 27, 2004, which sentenced her to four days' imprisonment in the Suffolk County Correctional Facility, without an opportunity to purge herself of the contempt, and (3), as limited by her brief, from so much of an order of the same court also dated February 27, 2004, entitled "Order After Contempt Hearing," as disallowed expenses she incurred for household expenditures and repairs, and a credit card allowance of $16,500.

Ordered that the order entitled "Final Order Directing Punishment Pursuant to Judiciary Law Section 770" is reversed, on the law, without costs or disbursements, and the

matter is remitted to the Supreme Court, Suffolk County, for a determination consistent with this decision and order; and it is further,

Ordered that the order of commitment is reversed, on the law, without costs or disbursements; it is further,

Ordered that the order entitled "Order After Contempt Hearing" is modified, on the law, by deleting the provision thereof disallowing expenses incurred for household expenditures and repairs, and substituting therefor a provision allowing such expenses in an amount to be determined upon the plaintiff's submission of a list of nonreimbursed expenses incurred for this category with proof by invoice or payment; as so modified, the order entitled "Order After Contempt Hearing" is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to a pendente lite order of the Supreme Court dated June 10, 2003, which this Court affirmed (see Cooper v Cooper, 7 AD3d 746 [2004]), the plaintiff was directed to return $274,000 she unilaterally withdrew from the parties' joint account and to account for any sums spent. The plaintiff not only refused to abide by the court's directive, but, after issuance of the directive, secretly removed the funds and hid them in her father's safe and continued to deplete the funds. The Supreme Court held the plaintiff in contempt and directed that she be incarcerated for four days with no opportunity to purge herself of the contempt. Apparently, the plaintiff served a half day in the Suffolk County Correctional Facility and was released by the sheriff, who mistakenly calculated her release date according to the rules pertaining to criminal contempt. Learning of the plaintiff's release, the Supreme Court directed that the plaintiff be reincarcerated. This Court stayed enforcement of those portions of the Supreme Court's orders directing incarceration, including the directive requiring reincarceration.

Even if the plaintiff had been properly adjudicated in contempt, the Supreme Court erred in failing to give her an opportunity to purge herself of her civil contempt, since she still had the ability to return the funds and to render an accounting (see Judiciary Law § 774).

The Supreme Court erred in granting the defendant's motion for contempt. Before holding a party in contempt, Domestic Relations Law § 245 requires a showing that resort to other enforcement devices has been exhausted or would be ineffectual (see MacKinnon v MacKinnon, 277 AD2d 636 [2000]; Zelnick v Zelnik, 294 AD2d 250 [2002]; Heitzman v Heitzman, 105 AD2d 682 [1984]; Snow v Snow, 209 AD2d 399 [1994]). The plaintiff's attorney's efforts to defend against the contempt motion by

demonstrating the efficiency of other enforcement remedies were prematurely terminated by the hearing court. Thus, the court improperly adjudicated the plaintiff in contempt, and we remit the matter for further proceedings consistent with this decision and order.

The Supreme Court also improperly awarded the defendant an attorney's fee. This relief was not requested in his motion by order to show cause dated August 7, 2003 (*see* CPLR 2214 [a]; *Northside Studios, Inc. v Treccagnoli*, 262 AD2d 469 [1999]). In view of our determination herein, no predicate for an award of an attorney's fee currently exists. In any event, the award was improperly made. A hearing must be conducted on that issue (*see Clark v Clark*, 17 AD3d 503 [2005]; *Goldberg v Benner*, 247 AD2d 385 [1998]; *Sadofsky v Sadofsky*, 78 AD2d 520 [1980]) absent a stipulation waiving a hearing or a showing of circumstances clearly obviating the necessity of such hearing (*see Pinto v Pinto*, 260 AD2d 622 [1999]).

The plaintiff's claim for expenses incurred for household repairs should have been allowed in view of the broad provision in the court's prior order directing that the defendant pay for all carrying charges and expenses in connection with the marital residence. The expenses the plaintiff incurred in this category were reasonable in light of the affluent lifestyle of the parties and the lavish house they purchased for their marital home. Thus, such expenses should be allowed in an amount to be determined upon the plaintiff's submission of a list of nonreimbursed expenses incurred for this category with proof by invoice or payment. Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.