■ NINA RIENZI, Respondent, v MICHAEL RIENZI, Appellant. [808 NYS2d 113]—

In a matrimonial action in which the parties were divorced by judgment dated January 26, 2004, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated January 6, 2005, as granted those branches of the plaintiff's motion which sought to (a) direct him to obtain life insurance for her benefit in the amount of $1,750,000, (b) find him in civil contempt for failure to comply with the provision of the judgment of divorce requiring him to pay her the sum of $60,000, pertaining to a prior tax refund, and (c) direct him to pay her an award of an attorney's fee to the extent of directing him to pay the sum of $5,000.

Ordered that the order is modified, on the law, (1) by deleting the first four decretal paragraphs thereof and the provisions thereof granting those branches of the motion which sought to (a) direct the defendant to obtain life insurance for the plaintiff's benefit in the amount of $1,750,000, and (b) direct the defendant to pay the plaintiff an award of an attorney's fee to the extent of directing him to pay the sum of $5,000, and (2) by deleting the provision thereof granting that branch of the motion which was to find the defendant in civil contempt for failure to comply with the provision of the judgment of divorce requiring him to pay to the plaintiff the amount of $60,000, pertaining to a prior tax refund and substituting therefor provisions denying that branch of the motion and directing the defendant to pay to the plaintiff the sum of $55,078.66, representing the amount owed to her pertaining to the prior tax refund; as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on those branches of the motion which were to direct the defendant to obtain life insurance and to direct the defendant to pay the plaintiff's attorney's fee and thereafter, for a new determination on those branches of the motion.

A party seeking to hold another in civil contempt bears the burden of proof (see *McCain v Dinkins*, 84 NY2d 216, 227

[1994]; *Vujovic v Vujovic*, 16 AD3d 490 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). In order to prevail on a motion to hold another in civil contempt, "the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Rupp-Elmasri v Elmasri, supra* at 395 [internal quotation marks omitted]; *see Matter of County of Orange v Rodriguez*, 283 AD2d 494, 495 [2001]; *see also* Judiciary Law § 753 [A] [3]; *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). The contempt must be proven by clear and convincing evidence (*see Vujovic v Vujovic, supra; Green v Green*, 288 AD2d 436, 437 [2001]).

The plaintiff did not meet her burden in seeking to hold the defendant in civil contempt. The language in the judgment of divorce dated January 26, 2004, and the stipulation dated October 20, 2003, relating to the defendant's obligation to pay her the sum of $60,000, pertaining to a prior tax refund did not provide any time for payment and therefore, did not constitute a clear and unequivocal mandate. Indeed, the Supreme Court did not find that the defendant willfully violated a clear and unequivocal mandate of the Supreme Court. Moreover, the plaintiff failed to demonstrate that she had exhausted less drastic enforcement remedies or that resort to such remedies would be ineffectual (*see Snow v Snow*, 209 AD2d 399 [1994]; *Cooper v Cooper*, 21 AD3d 869 [2005]). Accordingly, that branch of the plaintiff's motion which was to find the defendant in civil contempt for failure to comply with the provision of the judgment pertaining to the prior tax refund should have been denied. However, in view of the defendant's concession that he is responsible to the plaintiff for payment of the unpaid balance of the $60,000 tax refund in the amount of $55,078.66, pursuant to the terms of the parties' stipulation of settlement dated October 20, 2003 (hereinafter the stipulation), the Supreme Court should have awarded the plaintiff that amount (*see* Domestic Relations Law § 244).

The Supreme Court also erred in granting that branch of the plaintiff's motion which was for an award of an attorney's fee without conducting a hearing (*see Cooper v Cooper, supra; Petritis v Petritis*, 131 AD2d 651 [1987]; *Santora v Nicolini*, 237 AD2d 504 [1997]; *cf. Mancuso v Mancuso*, 178 AD2d 584 [1991]; *Beal v Beal*, 196 AD2d 471 [1993]).

The Supreme Court improperly granted that branch of the plaintiff's motion which sought to direct the defendant to obtain life insurance without conducting a hearing in view of the sharply disputed issue of fact presented by the conflicting af-

fidavits submitted as to whether or not the defendant was insurable. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on this issue.

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.