■ MARTON KLEPP, Appellant, v ANITA KLEPP, Respondent. [826 NYS2d 629]—

In a matrimonial action in which the parties were divorced by judgment dated March 29, 1972, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated June 13, 2005, as, after a hearing, granted those branches of the motion of the defendant former wife which were for an increase in alimony from the sum of $750 per week to the sum of $1,500 per week, in effect, to direct the plaintiff former husband to post the sum of $10,000 in security, and to hold him in contempt of court.

Ordered that the order is modified, on the law and the facts and as a matter of discretion, (1) by deleting the provision thereof granting that branch of the motion of the defendant former wife which was for an increase in alimony from the sum of $750 per week to the sum of $1,500 per week, and substituting therefor a provision granting that branch of the motion only to the extent of increasing the alimony to the sum of $1,050 per week and otherwise denying the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant former wife which was to hold the plaintiff former husband in contempt of court and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the former husband's contention, the former wife demonstrated a substantial change of circumstances warranting upward modification of alimony from the sum of $750 per week (*see Matter of Hermans v Hermans*, 74 NY2d 876, 878-879 [1989]; *Cooper v Cooper*, 179 AD2d 1035, 1036 [1992]). However, alimony in the sum of $1,050 per week is sufficient to satisfy the former wife's demonstrated needs.

In view of the former husband's failure to make timely payments of alimony, the Supreme Court providently exercised its discretion in directing him to provide reasonable security to guarantee the future payment of alimony to the former wife (*see* Domestic Relations Law § 243; *Dunbar v Dunbar*, 309 AD2d 780 [2003]; *Adler v Adler*, 203 AD2d 81 [1994]).

However, there is no basis in this record to hold the former husband in contempt. The former husband's failure to make timely payments was not a ground to hold him in contempt, since there was no showing pursuant to Domestic Relations Law § 245 that resort to other enforcement devices had been

exhausted or would have been ineffectual (*see Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]; *Cooper v Cooper*, 21 AD3d 869, 870 [2005]; *Snow v Snow*, 209 AD2d 399, 401 [1994]).

Further, there was no basis to hold the former husband in contempt for failure to appear personally in court on two occasions prior to the hearing. There was no evidence that his failure to do so was willful. The former husband, age 82, was plagued with health problems. He submitted a copy of his medical records to substantiate his claims. Moreover, his conduct did not impair or prejudice the rights and remedies of the former wife (*see Herr v Herr*, 5 AD3d 550, 552 [2004]; *Cherico, Stix & Assoc. v Abramson*, 235 AD2d 515, 516 [1997]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.