■ LISA SICURELLI, Respondent, v ROBERT SICURELLI, Appellant. [865 NYS2d 263]—

In a matrimonial action in which the parties were divorced by judgment entered November 10, 2005, the defendant former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Ross, J.), entered December 11, 2007, which, inter alia, in effect, granted

that branch of the plaintiff former wife's motion which was to enjoin him from utilizing or transferring any funds he may have received from the settlement of an action entitled *Sicurelli v Jeneric/Pentron, Inc.,* commenced in the United States District Court for the Eastern District of New York under docket No. CV-03-4934, directed him "to release to the plaintiff all monies representing her portion of the marital patent," and to place the remainder in escrow pending, among other things, his furnishing to the plaintiff's attorney "appropriate documentation" regarding such asset.

Ordered that the order is modified, on the law, by deleting the provision thereof directing, inter alia, the defendant "to release to the plaintiff all monies representing her portion of the marital patent," beginning with the words "With regard to the latter (b)," and ending with the words "between the parties confirms same, or further order of this Court"; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith and a new determination thereafter; and it is further,

Ordered that pending the Supreme Court's new determination following the hearing directed herein, the subject funds shall remain in an escrow account with Del Vecchio & Recine, LLP, as directed by the decision and order on motion of this Court dated February 15, 2008.

Eight patents in which the defendant owned a 50% interest were marital property. The other half was owned by an individual who is not a party hereto. Certain of those patents were the subjects of a patent infringement lawsuit, in which the defendant was a plaintiff, entitled *Sicurelli v Jeneric/Pentron, Inc.,* commenced in the United States District Court for the Eastern District of New York under docket No. CV-03-4934 (hereinafter the EDNY litigation).

In this case, in April 2005, the parties entered into a stipulation in which the plaintiff relinquished any ownership interest in the defendant's share of the subject patents. In addition, among other things, the stipulation awarded the plaintiff an interest in the defendant's share of the "Net Proceeds" realized from the settlement of the EDNY litigation. The stipulation also awarded the plaintiff an interest in the defendant's share of the "Net Proceeds" realized from any additional infringement lawsuits involving the subject patents, as well as an interest in the defendant's share of the "net proceeds" generated from licensing arrangements. The stipulation, which was incorporated but not merged into the parties' subsequent judgment of

divorce, defined the term "Net Proceeds," and also imposed various obligations upon the defendant, including the obligation to provide the plaintiff with proof of any settlement of the EDNY litigation within five business days after "such documents" were available to the defendant.

As relevant here, claiming that the EDNY litigation had settled and that the defendant violated the foregoing provision by failing to give her timely notice thereof, the plaintiff moved, inter alia, to enjoin the defendant from utilizing or transferring any funds realized from the settlement of the EDNY litigation, and for an accounting of such funds. The defendant opposed the motion and, among other things, argued that the stipulation of settlement executed in the EDNY litigation was confidential and could not be disclosed to third parties. The Supreme Court, in effect, granted that branch of the plaintiff's motion which was to enjoin the defendant from utilizing or transferring the settlement funds. In addition, the court directed the defendant to release to the plaintiff "her portion of the marital patent," without specifying what it meant by "marital patent," or what that portion is. Furthermore, the court stated that the defendant's "portion of such marital asset" was to be "placed and remain in escrow until such time as appropriate documentation is provided to [the] plaintiff's attorney regarding such asset and a written stipulation between the parties confirms same, or further order of this Court." The court did not specify what it meant by "marital asset," what the defendant's "portion" is, nor did it describe what it meant by "appropriate documentation." We modify the order to delete the foregoing directions, and remit the matter to the Supreme Court, Nassau County, for a hearing and a new determination thereafter of the precise amount the defendant is to pay the plaintiff from his share of the funds realized in the settlement of the EDNY litigation, pursuant to the parties' stipulation.

Given the complexity of the parties' stipulation regarding the parties' respective interests in the proceeds of the subject patents, of the calculations involved in determining the parties' respective shares of the funds realized in the settlement of the EDNY litigation, as well as the conflicts in the parties' affidavits, the Supreme Court should have held a hearing to determine the precise amount that the defendant is obligated to pay to the plaintiff from his share of the funds realized in settlement of the EDNY litigation (*see Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for such a hearing and for a new determination thereafter of such amount. In light of the purported confidenti-

ality of the settlement agreement in the EDNY litigation, the court may examine that document in camera, in the event another acceptable arrangement cannot be reached for its handling.

The parties' remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.