JOHN CHAMBERS et al. Plaintiffs, and PETER LEIDEL et al., Appellants, v OLD STONE HILL ROAD ASSOCIATES et al., Respondents. [889 NYS2d 598]—

---

In an action, inter alia, to enforce restrictive covenants in a deed, the plaintiffs Peter Leidel and Pamela Leidel appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 2, 2008, which denied those branches of their motions which were to hold the defendants in civil contempt for their failure to comply with a provision in an order and judgment (one paper) of the same court (Cowhey, J.), entered

November 19, 2001, directing them to remove a wireless telecommunications service facility from the encumbered property.

Ordered that the order entered April 2, 2008, is affirmed, with costs.

In an order and judgment entered November 19, 2001 (hereinafter the 2001 order), the defendants Old Stone Hill Road Associates (hereinafter Stone Hill) and New York SMSA Limited Partnership, doing business as Verizon Wireless (hereinafter Verizon), were directed to remove a telecommunications service facility that violated a restrictive covenant in a deed (hereinafter the original facility). The 2001 order did not set forth a specific timeline or date for the removal of the original facility. In a stipulation dated December 10, 2001, the plaintiffs John Chambers and Marsha Chambers (hereinafter together the Chambers plaintiffs), Peter Leidel and Pamela Leidel (hereinafter together the Leidel plaintiffs), and Alan Sorkin and Pamela Sorkin (hereinafter together the Sorkin plaintiffs) agreed to a stay of enforcement of the 2001 order pending determination of the defendants' appeal therefrom. This Court's decision and order dated March 17, 2003, affirming the 2001 order insofar as appealed from, was subsequently affirmed by the Court of Appeals on February 24, 2004 (*see Chambers v Old Stone Hill Rd. Assoc.*, 303 AD2d 536 [2003], *affd* 1 NY3d 424 [2004]). The Court of Appeals noted that the Town of Pound Ridge, as amicus curiae, "urges that it would need time to relocate the antenna without interruption of service vital to public health and safety. Plaintiffs have consented to 'a reasonable time period' for relocation" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d at 435).

Approximately one month after the Court of Appeals rendered its decision, Verizon applied for a permit to build a replacement facility on two alternative sites. Thereafter, the Town conducted numerous hearings and reviewed more than 150 documents before issuing a building permit to construct a replacement facility on one of the two sites on May 25, 2006. The construction of the replacement facility began in July 2006 and was completed one year later. A permit to demolish the original facility was granted on June 29, 2007, and demolition was completed on July 5, 2007.

Meanwhile, the Sorkin plaintiffs sold their house in 2002, and the Chambers plaintiffs settled the action pursuant to a stipulation that was so-ordered by the Supreme Court on December 1, 2005. In May and November 2007, the Leidel plaintiffs, the only remaining plaintiffs, made two separate motions, among other

things, to hold both defendants in contempt and for an award of damages, on the ground that the defendants had failed to comply with the 2001 order. The Supreme Court denied those branches of the Leidel plaintiffs' motions which were to hold both defendants in civil contempt. The Leidel plaintiffs appeal.

A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (*see Educational Reading Aids Corp. v Young*, 175 AD2d 152 [1991]). Moreover, the movant bears the burden of proof (*see Vujovic v Vujovic*, 16 AD3d 490 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394 [2003]). To prevail, the movant must demonstrate that "the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]; *see* Judiciary Law § 753 [A] [3]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 584 [1983]; *City of Poughkeepsie v Hetey*, 121 AD2d 496 [1986]; *Oppenheimer v Oscar Shoes*, 111 AD2d 28 [1985]). The contempt must be proven by clear and convincing evidence (*see Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]; *Vujovic v Vujovic*, 16 AD3d at 491; *Goldsmith v Goldsmith*, 261 AD2d at 577).

The Leidel plaintiffs did not meet their burden. First, the 2001 order did not express a clear and unequivocal mandate to remove the original facility immediately or by a specific deadline (*see Rienzi v Rienzi*, 23 AD3d at 449; *Vujovic v Vujovic*, 16 AD3d at 491). Second, the Leidel plaintiffs failed to establish, with reasonable certainty, that the defendants disobeyed the 2001 order (*see Frew v Dime Sav. Bank of N.Y.*, 251 AD2d 622 [1998]). Indeed, the record supports the contrary conclusion that Verizon proceeded diligently and in good faith to obtain a building permit to construct the replacement facility and dismantle the original facility. The Leidel plaintiffs' failure to establish that they suffered any injury or compensable damages also warranted denial of their motions (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *Matter of Augat v Hart*, 244 AD2d 800, 802 [1997]).

The parties' remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.