DEBORAH B. WOLFE, Appellant, v TONY K. WOLFE, Respondent. [895 NYS2d 855]—

In a matrimonial action in which the parties were divorced by judgment entered September 11, 2000, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 12, 2008, as, after a hearing, granted that branch of the defendant's motion which was to hold her in contempt of court for failing to comply with a provision of the judgment of divorce, imposed a fine upon her in the sum of $471.90, and directed the entry of a money judgment in favor of the defendant and against her in the sum of $829.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's motion which was to hold the plaintiff in contempt of court for failing to comply with a provision of the judgment of divorce is denied.

In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights (see McCain v Dinkins, 84 NY2d 216, 226 [1994]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944 [2009]; Matter of Rothschild v Edwards, 63 AD3d 744, 745 [2009]; Galanos v Galanos, 46 AD3d 507, 508 [2007]; Rienzi v Rienzi, 23 AD3d 447, 448 [2005]). The movant has the burden of proving contempt by clear and convincing evidence (see Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944 [2009]; Matter of Rothschild v Edwards, 63 AD3d at 745; Galanos v Galanos, 46 AD3d at 508; Vujovic v Vujovic, 16 AD3d 490, 491 [2005]).

Here, the defendant did not meet his burden in seeking to hold the plaintiff in contempt. The provision of the judgment of divorce which the plaintiff allegedly violated required her to "share in transportation costs incurred by [the] defendant in connection with his visitation with the infant children." However, the subject provision did not set forth any time frame for the reimbursement of transportation costs. Accordingly, the plaintiff's delay in reimbursing the defendant for her share of the costs incurred for the youngest child's 2006 visits did not constitute the violation of a clear and unequivocal mandate

which would support holding her in contempt of court (*see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944 [2009]; *Rienzi v Rienzi*, 23 AD3d at 448; *Vujovic v Vujovic*, 16 AD3d at 491).

Moreover, the defendant failed to show that he had exhausted less drastic enforcement remedies, or that resort to such remedies would be ineffectual (*see* Domestic Relations Law § 245; *Klepp v Klepp*, 35 AD3d 386, 387-388 [2006]; *Rienzi v Rienzi*, 23 AD3d at 449; *Cooper v Cooper*, 21 AD3d 869, 870 [2005]; *MacKinnon v MacKinnon*, 277 AD2d 636, 638 [2000]; *Snow v Snow*, 209 AD2d 399, 401 [1994]). Indeed, it appears from the record that the plaintiff fully reimbursed the defendant for her share of transportation costs prior to the commencement of the hearing. Accordingly, that branch of the defendant's motion which was to hold the plaintiff in contempt of court for her delay in paying her share of transportation costs should have been denied. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.