# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**475**

**CA 14-01003**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

LOTFI BELKHIR, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SOUAD AMRANE-BELKHIR, DEFENDANT-RESPONDENT.

---

LOFTI BELKHIR, PLAINTIFF-APPELLANT PRO SE.

LEONARD A. ROSNER, ROCHESTER, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered May 30, 2014 in a divorce action. The order granted defendant's motion to hold plaintiff in civil contempt of court.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: On appeal from an order that, inter alia, held him in contempt of court for failing to comply with a provision of an amended divorce decree obligating him to pay defendant $75,000, plaintiff contends that defendant failed to meet her burden of proof on her motion. We agree. "In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights . . . The movant has the burden of proving contempt by clear and convincing evidence" (*Wolfe v Wolfe*, 71 AD3d 878, 878; *see El-Dehdan v El-Dehdan*, 114 AD3d 4, 10). Here, the provision in the amended divorce decree stating that defendant is entitled to $75,000 "did not provide any time for payment and therefore, did not constitute a clear and unequivocal mandate" (*Rienzi v Rienzi*, 23 AD3d 447, 449; *see Wolfe*, 71 AD3d at 878; *Massimi v Massimi*, 56 AD3d 624, 624-625). In addition, the amended divorce decree contemplates that plaintiff's obligation to pay $75,000 to defendant may be satisfied from plaintiff's share of the proceeds of the sale of the marital residence, and the marital residence had not been sold at the time of the instant motion. Finally, the motion should not have been granted inasmuch as "defendant failed to show that [s]he had exhausted less drastic enforcement remedies, or that resort to such remedies would be ineffectual" (*Wolfe*, 71 AD3d at 879; *see* Domestic Relations Law § 245;

*Klepp v Klepp*, 35 AD3d 386, 387-388).