■ ROBERT ROSENTHAL, Respondent, v LORA A. ROSENTHAL, Appellant. [53 NYS3d 551]—

Appeal by the defendant from an interlocutory judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), entered June 27, 2013. The interlocutory judgment, upon a decision of that court dated August 30, 2012, is in favor of the plaintiff and against her in the principal sum of $21,164.54 as and for counsel fees.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the plaintiff's application for an award of counsel fees is denied.

In this matrimonial action, the defendant moved to set aside

the parties' stipulation of settlement. After a hearing, the Supreme Court denied the defendant's motion. Thereafter, the plaintiff submitted an application for an award of counsel fees consisting of his attorney's affirmation, to which were appended the attorney retainer agreement and the attorney's invoice for services. In an interlocutory judgment entered June 27, 2013, made upon a decision dated August 30, 2012, the court awarded the plaintiff counsel fees in the sum of $21,164.54.

Under the general rule, the prevailing party in litigation may not collect his or her counsel fees unless supported by statute, court rule, or written agreement of the parties (*see Flemming v Barnwell Nursing Home & Health Facilities, Inc.,* 15 NY3d 375, 379 [2010]; *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]). Here, the plaintiff's attorney averred that the plaintiff was entitled to an award of counsel fees as the prevailing party on the underlying motion, appending her firm's retainer agreement and invoice for services. These submissions failed to demonstrate the plaintiff's entitlement to that award on the basis of applicable statute, court rule, or written agreement between the parties.

In light of our determination, the defendant's remaining contentions have been rendered academic.

Accordingly, the Supreme Court should have denied the plaintiff's application for an award of counsel fees. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.