Latterman v Latterman (2019 NY Slip Op 05395)





Latterman v Latterman


2019 NY Slip Op 05395


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-01056
 (Index No. 6573/12)

[*1]Dianne Latterman, appellant,
v
Michael Latterman, respondent.


Katherine A. Demos, Monroe, NY, for appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated November 29, 2016. The order dismissed, "with prejudice," the plaintiff's motion to hold the defendant in civil contempt and for an award of counsel fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof dismissing the plaintiff's motion "with prejudice," and substituting therefor a provision dismissing the plaintiff's motion "without prejudice"; as so modified, the order is affirmed, with costs to the plaintiff.
On October 3, 2014, the Supreme Court awarded the plaintiff a default judgment of divorce against the defendant. With respect to equitable distribution, the court found that the parties were jointly and severally liable for the parties' marital debt, which was secured by a mortgage on the marital residence. The marital residence was acquired by the plaintiff prior to the marriage, thereafter conveyed by the plaintiff to herself and the defendant, and then conveyed by the defendant back to the plaintiff in her sole name. The judgment of divorce directed that "[p]laintiff will be responsible for 50% of the debt and [d]efendant will be responsible for 50% of the debt [and] [i]f the Bank shall pursue 100% of the debt from either party, the other party can seek to be indemnified by the paying party for 50% of the debt." The provision was not conditional upon foreclosure of the mortgage.
In September 2016, the plaintiff moved to hold the defendant in civil contempt for his failure to comply with the provision of the judgment of divorce which required him to pay 50% of the marital debt. The plaintiff alleged that, despite her correspondence with the defendant demanding that he reimburse her for his share of the monthly mortgage payments she had made pursuant to a loan modification agreement, the defendant failed to reimburse her for his share of those payments. The plaintiff also sought an award of counsel fees incurred in connection with the motion. The Supreme Court dismissed the motion, with prejudice, and without conducting a hearing.
To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence that (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see El-[*2]Dehdan v El-Dehdan, 26 NY3d 19, 29; Shemtov v Shemtov, 153 AD3d 1295, 1295). Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at 35).
Here, the amount the defendant was required to pay pursuant to the judgment of divorce was not subject to an unequivocal judicial mandate, since the amount to be paid and the time by which payment was to be made was not set forth in the judgment of divorce (see Wolfe v Wolfe, 71 AD3d 878). Although a party is no longer required to demonstrate that the payment cannot be enforced without a money judgment to secure a finding of civil contempt (see L 2016, ch 365, § 2), a finding of civil contempt requires an unequivocal mandate as to the amount owed. Accordingly, the plaintiff's motion should have been denied, without prejudice to seeking alternative relief, including entry of a money judgment for the amount owed (see Domestic Relations Law § 244), renewal of her motion to hold the defendant in civil contempt based upon failure to pay the amount owed, and counsel fees for enforcement of the judgment of divorce (see Domestic Relations Law § 238).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court