Matter of Mingo v Brown (2019 NY Slip Op 07401)





Matter of Mingo v Brown


2019 NY Slip Op 07401


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-06291
 (Index No. 10072/10)

[*1]In the Matter of Gregory Mingo, appellant,
v
Richard Brown, etc., respondent.


Gregory Mingo, Comstock, NY, appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Anastasia Spanakos, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered April 19, 2017. The order denied the petitioner's motion (1), in effect, for leave to reargue his prior motion, in effect, to compel the respondent to comply with a directive of the same court (Duane A. Hart, J.) dated July 25, 2012, which had been granted in an order of the same court (Duane A. Hart, J.) dated December 23, 2015, only to the extent of directing the respondent to conduct a final search for records responsive to the petitioner's request for documents pursuant to the Freedom of Information Law, (2) to hold the respondent in contempt and impose sanctions on the respondent, and (3) for an award of an attorney's fee.
ORDERED that the appeal from so much of the order entered April 19, 2017, as denied that branch of the petitioner's motion which was, in effect, for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered April 19, 2017, as denied those branches of the petitioner's motion which were to hold the respondent in contempt and impose sanctions on the respondent and for an award of an attorney's fee is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered April 19, 2017, is affirmed insofar as reviewed, without costs or disbursements.
The petitioner was convicted of four counts of murder in the second degree in December 1982. In November 2005, he submitted a request to the respondent, the Queens County District Attorney, pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), seeking the disclosure of certain documents he alleged existed. In 2006, the respondent denied the petitioner's request for lack of specificity. After further correspondence with the petitioner, in 2007, the respondent again denied the petitioner's request because no document fitting the terms of his FOIL request had been located in its files. The petitioner appealed the denial of his request, and the respondent denied his appeal. In 2010, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the denial of his FOIL request.
At a court conference on July 25, 2012, the Supreme Court directed the respondent to disclose to the petitioner "all the police reports and any interviews with any DA's, of any of the witnesses, ones who were called, ones who weren't called." Pursuant to this directive, the respondent examined every document contained in the trial folders for the petitioner and his codefendants, and submitted to the petitioner's attorney a list of the documents contained therein, indicating which documents would be released to the petitioner and which would be withheld and why. The disclosable documents were then mailed to the petitioner's counsel.
In March 2015, the petitioner moved, in effect, to compel the respondent to comply with the Supreme Court's July 25, 2012, directive, claiming that the respondent had failed to disclose statements, interviews, and/or other documents related to both nontestifying and testifying witnesses from the petitioner's criminal trial. At a court conference on September 9, 2015, the court noted that it was satisfied that the petitioner had received everything that he was entitled to receive, but it stated that it would grant the petitioner's motion to the extent of directing the respondent to conduct one more search of the files for anything that may have been overlooked. In an order dated December 23, 2015, the court granted the petitioner's motion in accordance with its oral decision at the September 9, 2015, court conference. The respondent subsequently inspected the files but did not find any disclosable documents that had not been disclosed to the petitioner's attorney. The respondent notified the petitioner's attorney of these findings.
In October 2016, the petitioner moved "to re-open" his prior motion, in effect, to compel the respondent to comply with the Supreme Court's July 25, 2012, directive. The petitioner stated that the respondent had failed to comply with the court's July 25, 2012, directive and December 23, 2015, order to disclose certain documents to him, and requested that the respondent be compelled to comply. In the same motion, the petitioner also sought to hold the respondent in contempt and impose sanctions on the respondent, and an award of an attorney's fee.
In opposition, the respondent argued that his office had complied with the July 25, 2012, directive in October 2012 when numerous documents were disclosed to the petitioner, and that his office had complied with the December 23, 2015, order by reinspecting the files and informing the petitioner's attorney that no documents had been located that should have been disclosed to the petitioner. The respondent noted that numerous searches by several assistant district attorneys, the petitioner's attorney, and the previous trial judge in the proceeding had all indicated that the petitioner had received all the files in the respondent's possession that the petitioner was entitled to receive.
In an order entered April 19, 2017, the Supreme Court denied the petitioner's motion. The court treated that branch of the petitioner's motion which was to reopen his prior motion, in effect, to compel the respondent to comply with the July 25, 2012, directive as, in effect, a motion for leave to reargue the determination made in the December 23, 2015, order granting the petitioner's prior motion to the extent of directing the respondent to conduct one more search for records responsive to the petitioner's FOIL request. The petitioner appeals.
A movant's characterization of a motion is not dispositive (see Matter of Jones v Marcy, 135 AD2d 887, 888). Here, we agree with the Supreme Court's characterization of that branch of the petitioner's motion which was to reopen the petitioner's prior motion as a motion for leave to reargue, as the petitioner was essentially seeking to reargue his prior motion to compel (see CPLR 2221[d]). The denial of a motion for leave to reargue is not appealable (see Waters Edge &commat; Jude Thaddeus Landing, Inc. v B & G Group, Inc., 129 AD3d 706, 708).
We agree with the Supreme Court's determination to deny that branch of the petitioner's motion which was to hold the respondent in contempt and impose sanctions on the respondent. To prevail on a motion to hold another in civil contempt, "the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (Rupp-Elmasri v Elmasri, 305 AD2d 394, 395 [internal quotation marks omitted]). "The party seeking to hold another in civil contempt bears the burden of proof" (id. at 395). Likewise, to warrant the imposition of sanctions under the circumstances of this case, a party must have failed to timely comply with a court order (see Carella v Reilly & Assoc., 297 [*2]AD2d 326, 327). Here, the petitioner failed to show that the respondent did not comply with the July 25, 2012, directive and the December 23, 2015, order. Rather, the evidence showed that the respondent complied with the directive and the order in a timely manner.
Finally, we agree with the Supreme Court's determination to deny that branch of the petitioner's motion which was for an award of an attorney's fee. In a FOIL proceeding, an attorney's fee may be awarded in the court's discretion to a person who has "substantially prevailed" (Public Officers Law § 89[4][c]). The petitioner did not substantially prevail on his petition. Thus, an award of an attorney's fee would have been inappropriate.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court