Markham v Markham (2023 NY Slip Op 03630)

Markham v Markham

2023 NY Slip Op 03630

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

475 CA 22-01624

[*1]JACQUELINE MARKHAM, PLAINTIFF-APPELLANT,
v
JAMES P. MARKHAM, DEFENDANT-RESPONDENT. 

LACY KATZEN LLP, ROCHESTER (DAVID D. MACKNIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TULLY RINCKEY, PLLC, ROCHESTER (THOMAS SETSER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), dated April 11, 2022. The order dismissed the application of plaintiff to hold defendant in contempt. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this post-divorce action, plaintiff appeals from an order dismissing her application by order to show cause seeking to hold defendant in contempt for failure to comply with an order and judgment dated August 28, 2018, requiring defendant to pay certain arrears. We affirm.
As a preliminary matter, although not raised by the parties and although "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]; see generally CPLR 5501 [c]; 5512 [a]), we conclude that the paper appealed from meets the essential requirements of an order, and we therefore treat it as such (see Matter of Louka v Shehatou, 67 AD3d 1476, 1476 [4th Dept 2009]).
"In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights . . . The movant has the burden of proving contempt by clear and convincing evidence" (Wolfe v Wolfe, 71 AD3d 878, 878 [2d Dept 2010]; see El-Dehdan v El-Dehdan, 114 AD3d 4, 10 [2d Dept 2013], affd 26 NY3d 19 [2015]). Here, plaintiff failed to meet her burden inasmuch as it is undisputed that defendant made the monthly payments as specified in the August 28, 2018 order and judgment. Moreover, contrary to plaintiff's contention, the provision in the order and judgment stating that plaintiff was owed $23,371.82 in arrears as of May 4, 2018 " 'did not provide any time for payment [of that total amount of arrears] and therefore, did not constitute a clear and unequivocal mandate' " requiring defendant to pay that amount within a certain period of time (Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court