Matter of Serena W. (2023 NY Slip Op 03797)

Matter of Serena W.

2023 NY Slip Op 03797

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-02377
 (Index No. 31877/16)

[*1]In the Matter of Serena W. (Anonymous). Lisa Daniels, respondent; Eugenia Wiltshire, appellant.

Elman Freiberg, PLLC, New York, NY (Jay W. Freiberg and Benjamin S. Litman of counsel), for appellant.
Seltzer Sussman Heitner, LLP, Jericho, NY (Brian R. Heitner of counsel), for respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Eugenia Wiltshire appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated March 1, 2021. The order, insofar as appealed from, granted those branches of the cross-motion of the successor guardian which were to remove Eugenia Wiltshire as trustee of a supplemental needs trust and to hold her in civil contempt.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross-motion of the successor guardian which was to hold Eugenia Wiltshire in civil contempt, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2018, Lisa Daniels was named successor guardian for the person and property of Serena W., an incapacitated person, after Eugenia Wiltshire resigned as guardian. Wiltshire remained trustee over a supplemental needs trust (hereinafter SNT) for the benefit of Serena W. In January 2021, Daniels cross-moved, inter alia, to remove Wiltshire as trustee of the SNT and to hold her in contempt of a so-ordered stipulation dated February 13, 2019, directing Wiltshire to provide an accounting of the SNT, and of an order of the Supreme Court dated October 15, 2020, directing her to pay Daniels's guardianship fees from the SNT. By order dated March 1, 2021, the court granted those branches of Daniels's cross-motion. Wiltshire appeals.
The Supreme Court properly granted that branch of the cross-motion which was to remove Wiltshire as trustee of the SNT. An individual seeking removal of a trustee "bears the burden of demonstrating that the trustee has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust" (Matter of Joan Moran Trust, 166 AD3d 1176, 1179 [internal quotation marks omitted]; see EPTL 7-2.6[a][2]). "Although discord between the trustee and others involved with the trust, standing alone, is typically an insufficient basis for removal, such conflict may support removal if the conflict thwarts proper administration of the trust or otherwise subverts the purpose of the trust" (Matter of James H. Supplemental Needs Trust, 172 AD3d 1570, 1573; see Matter of Epstein, 202 AD3d 669, 674).
Here, the record reveals that the relationship between Daniels and Wiltshire was contentious, with Wiltshire often requesting excessive proof of expenses and failing to timely pay requests even when proper proof was submitted. Wiltshire failed to pay Serena W.'s cable television, car insurance, and tuition bills, and refused to pay Daniels's guardianship fees from the SNT, despite a court order directing her to do so. It is thus clear that Wiltshire "struggle[s] to understand the parameters of and proper payments under an SNT," and removal as trustee was appropriate (Matter of James H. Supplemental Needs Trust, 172 AD3d at 1573). Contrary to Wiltshire's contention, an evidentiary hearing was not necessary in this instance because she did not place in dispute any material facts regarding her failure to timely disburse funds from the SNT (see Massey-Hughes v Massey, 200 AD3d 1684, 1689).
However, the Supreme Court erred in granting that branch of Daniels's cross-motion which was to hold Wiltshire in contempt of the so-ordered stipulation dated February 13, 2019, and the order dated October 15, 2020. "In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court's order. . . . Finally, prejudice to the right of a party to the litigation must be demonstrated" (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [citations omitted]; see Judiciary Law § 753[A]; Greco v Greco, 214 AD3d 959, 960). "The burden of proof is on the proponent of a contempt motion, and the contempt must be established by clear and convincing evidence" (Massimi v Massimi, 56 AD3d 624, 624; see Madigan v Berkeley Capital, LLC, 205 AD3d 900, 905).
Here, Daniels did not establish that she was prejudiced in any way by Wiltshire's failure to furnish an accounting of the SNT in violation of the February 13, 2019 so-ordered stipulation (see Matter of Mundell v New York State Dept. of Transp., 185 AD3d 1470, 1472; Matter of Michael F. [Shreeis J.], 152 AD3d 770, 771). Moreover, the October 15, 2020 order directed Wiltshire to pay Daniels's guardianship fees from the SNT, but did not provide a deadline for the payment. That order thus did not clearly express an unequivocal mandate which would support holding Wiltshire in contempt of court (see Wolfe v Wolfe, 71 AD3d 878, 878-879; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946; Rienzi v Rienzi, 23 AD3d 447, 449; cf. Schwartz v Schwartz, 79 AD3d 1006, 1010). Accordingly, that branch of Daniels's cross-motion which was to hold Wiltshire in contempt should have been denied.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court