Dahan v Dahan (2025 NY Slip Op 02058)

Dahan v Dahan

2025 NY Slip Op 02058

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04322
 (Index No. 201368/07)

[*1]Tova Dahan, appellant, 
v
Meir Dahan, respondent.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman and Adina L. Phillips of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 4, 2009, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated April 17, 2023. The order, inter alia, denied, without a hearing, the plaintiff's motion, among other things, to hold the defendant in contempt, granted that branch of the defendant's cross-motion which was to hold the plaintiff in contempt for violating a provision of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, requiring her to pay him the sum of $250,000, and thereupon, set a date for sentencing and directed that the plaintiff could purge her contempt by paying the defendant the sum of $117,103.29 plus statutory interest from July 27, 2009, and granted that branch of the defendant's cross-motion which was for an award of counsel fees in the sum of $15,000 to the extent of awarding him the sum of $9,000.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provisions thereof granting that branch of the defendant's cross-motion which was to hold the plaintiff in contempt for violating a provision of the stipulation of settlement requiring her to pay him the sum of $250,000, and thereupon, setting a date for sentencing and directing that the plaintiff could purge her contempt by paying the defendant the sum of $117,103.29 plus statutory interest from July 27, 2009, and substituting therefor provisions granting that branch of the cross-motion only to the extent of awarding the defendant the sum of $117,103.29, and (2) by deleting the provision thereof granting that branch of the defendant's cross-motion which was for an award of counsel fees in the sum of $15,000 to the extent of awarding him the sum of $9,000, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to pay the defendant the sum of $117,103.29, is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.
In this matrimonial action, the parties entered into a stipulation of settlement dated January 27, 2009 (hereinafter the stipulation), which, among other things, required the plaintiff to pay the defendant the sum of $250,000 upon the sale of certain real property, but in no event later than six months from the date of the stipulation. However, the stipulation expressly permitted the defendant to extend the time to pay. The stipulation was incorporated, but not merged, into a judgment of divorce entered May 4, 2009.
In May 2022, the plaintiff moved, inter alia, to hold the defendant in contempt, alleging that in 2019 he had liquidated one of her retirement accounts, without her knowledge or consent. The defendant cross-moved, among other things, to hold the plaintiff in contempt, to direct the plaintiff to pay him the sum of $117,103.29, representing the portion of the $250,000 payment he said he had not received from the plaintiff after his liquidation of her retirement account, and for an award of counsel fees in the sum of $15,000. In an order dated April 17, 2023, the Supreme Court, inter alia, denied the plaintiff's motion and granted that branch of the defendant's cross-motion which was to hold the plaintiff in civil contempt based upon her failure to pay him the sum of $117,103.29. The court also granted that branch of the defendant's cross-motion which was for an award of counsel fees in the sum of $15,000 to the extent of awarding him the sum of $9,000. The plaintiff appeals.
"[A] party seeking to enforce a stipulation of settlement may do so by motion within the underlying action and need not commence a plenary action" (Sabau v Sabau, 222 AD3d 1017, 1019; see Schaff v Schaff, 172 AD3d 1421, 1423). "To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Del Vecchio v Del Vecchio, 219 AD3d 572, 578 [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Greco v Greco, 214 AD3d 959, 960; Ruffino v Serio, 206 AD3d 776, 777; Venables v Rovegno, 195 AD3d 879, 880). Here, the Supreme Court properly denied the plaintiff's motion, inter alia, to hold the defendant in contempt, since the defendant did not disobey a clear and unequivocal mandate in the stipulation (see Ruffino v Serio, 206 AD3d at 777-778). Any relief for that alleged wrongdoing by the defendant must be sought through a plenary action, since it does not involve enforcement of the terms of the stipulation, which was incorporated but not merged into the judgment of divorce.
Contrary to the plaintiff's contention, the defendant's cross-motion is not subject to the statute of limitations applicable to actions to recover damages for breach of contract, since the demand for relief was made by cross-motion in this matrimonial action, and not in a separate action (see Sangi v Sangi, 196 AD3d 891, 892; Brewster v Anthony-Brewster, 174 AD3d 566, 567; Holsberger v Holsberger, 154 AD3d 1208, 1211; Denaro v Denaro, 84 AD3d 1148, 1149; Bayen v Bayen, 81 AD3d 865, 866; Fragin v Fragin, 80 AD3d 725, 725).
The Supreme Court should not have held the plaintiff in contempt. Where a provision of an order or judgment sought to be enforced creates an obligation to pay a sum of money, but does not provide a time within which payment is to be made, it does not constitute a clear and unequivocal mandate (see Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382; Wolfe v Wolfe, 71 AD3d 878, 878-879; Rienzi v Rienzi, 23 AD3d 447, 448). Here, although a time frame for payment was provided, the stipulation also expressly permitted the defendant to extend that deadline. Moreover, the defendant acknowledged that he assured the plaintiff that he would wait to receive the remainder of the payment he claims remains due, extending the deadline indefinitely. Under these circumstances, the defendant did not meet his burden of showing that the plaintiff's delay in payment constituted a failure to comply with a clear and unequivocal mandate which would support holding her in contempt (see Wolfe v Wolfe, 71 AD3d at 878-879; Rienzi v Rienzi, 23 AD3d at 449).
Since the plaintiff remains obligated to make the payment under the stipulation, the Supreme Court properly concluded that the defendant was entitled to the sum of $117,103.29, representing the amount he seeks to collect (see Rienzi v Rienzi, 23 AD3d at 449). However, since the defendant extended the deadline for payment, and the stipulation made no provision for interest, an award of interest on that sum should not have been made.
Further, under the circumstances of this case, where the defendant is only a partially prevailing party, each party should pay his or her own counsel fees (see Matthews v Roe, 193 AD3d 919; Rosenthal v Rosenthal, 151 AD3d 773).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court