■ PACNET NETWORK LTD., Appellant, v KDDI CORPORATION, Respondent. [912 NYS2d 178]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered September 17, 2009, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's causes of action for fraudulent inducement, negligent misrepresentation, and gross negligence, and to strike the demand for consequential damages, unanimously affirmed, with costs.

Plaintiff and defendant entered into a contract pursuant to which defendant designed and constructed a fiber optic submarine cable system in East Asia (the system). Before final acceptance of the system by plaintiff, the parties identified problems with the performance of a critical component selected by defendant, namely, certain laser diodes. Plaintiff alleges that,

rather than rescinding the contract or insisting on greater contractual protections, it entered into a contract modification or "variation" in reliance on defendant's misrepresentations that minimal failures would occur and the laser diodes would stop failing over the course of the system's 25-year design life, and that the components did not represent a threat to the system's performance. The preamble to the contract variation recited that, whereas defendant believed the failure rate of the laser diodes would decrease gradually over time, and plaintiff considered it "difficult to estimate the long-term reliability at this moment, thus the agreement should be based on the currently available data," which data was annexed to the contract variation. Four years later, after an earthquake occurred in the area, a significant number of the laser diodes failed, resulting in one part of the system being put out of service for about 500 days and another part for a shorter period.

The fraudulent inducement and negligent misrepresentation causes of action were properly dismissed because they do not allege an intentional misrepresentation of any material existing facts (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]), but only "statements of prediction or expectation" (*Naturopathic Labs. Intl., Inc. v SSL Ams., Inc.*, 18 AD3d 404, 404 [2005]). The allegation that defendant knew the performance prediction was false is indefinite and conclusory, and therefore not actionable (CPLR 3016 [b]), absent allegations that the prediction was contradicted by a concrete, existing fact that defendant either intentionally failed to disclose or negligently failed to discover (*compare Coolite Corp. v American Cyanamid Co.*, 52 AD2d 486, 488 [1976], *with Hydro Invs., Inc. v Trafalgar Power Inc.*, 227 F3d 8, 20-21 [2d Cir 2000]; *see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 220 [1978]). Further, since the language of the contract variation contradicts plaintiff's allegations that it relied on defendant's predictions concerning the "long-term reliability" of the laser diodes in entering into the contract variation, those allegations are not presumed to be true (*see O'Donnell, Fox & Gartner v R-2000 Corp.*, 198 AD2d 154, 154 [1993]).

The motion court also correctly dismissed the gross negligence claim relating to defendant's selection of the laser diodes and delay in performing its warranty obligations, since "claims based on negligent or grossly negligent performance of a contract are not cognizable" (*City of New York v 611 W. 152nd St.*, 273 AD2d 125, 126 [2000]), and plaintiff does not allege a breach of a duty independent of the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 211 [1991]).

Defendant also is entitled to dismissal, based on documentary evidence (CPLR 3211 [a] [1]), of so much of the demand for damages as seeks consequential damages expressly precluded by the contractual provision limiting the parties' liability for consequential damages. Contractual limitation of liability provisions are generally enforceable unless the party seeking to avoid liability has engaged in grossly negligent conduct evincing a "reckless disregard for the rights of others" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]). Plaintiff's allegations that the repairs took an unreasonably long time and that defendant did not accede to certain of its demands do not show the reckless disregard necessary to avoid the contractual limitation on consequential damages (*see Retty Fin. v Morgan Stanley Dean Witter & Co.*, 293 AD2d 341, 341 [2002]; *compare Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C.*, 47 AD3d 239, 244-245 [2007]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.