11-2064-cv
Sveaas v. Christie's Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand eleven.

PRESENT:
>PETER W. HALL,
>GERARD E. LYNCH,
>DENNY CHIN,
>>*Circuit Judges.*

---

CHRISTEN SVEAAS,

>*Plaintiff-Appellant,*

>v.                                   No. 11-2064-cv

CHRISTIE'S INCORPORATED,

>*Defendant-Appellee.*

---


| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | DONALD J. KENNEDY (Gary D. Sesser, *on the brief*), Carter Ledyard & Milburn LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE: | MAURA BARRY GRINALDS (Jonathan J. Lerner, Robert A. Fumerton, Patrick G. Rideout), Skadden, Arps, Slate, Meagher & Flom, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Christen Sveaas appeals from the district court's dismissal of his complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Sveaas v. Christie's, Inc.*, No. 10 Civ 4263 (LTS), 2011 U.S. Dist. LEXIS 49118 (S.D.N.Y. Apr. 20, 2011).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's grant of a Rule 12(b)(6) motion to dismiss *de novo. Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  "In conducting this review, we draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

Sveaas, a Norwegian businessman and prominent wine collector, approached Defendant-Appellee Christie's, Inc. ("Christie's") to discuss holding an auction offering wines from his cellar.  In July 2007, Sveaas and Christie's entered into a Consignment, Advance and Security Agreement (the "Agreement").  The Agreement provided that the auction would be scheduled for November 3, 2007, in Los Angeles and named Christie's as Sveaas's agent for purposes of offering the wine for sale at the auction.

Christie's advertised the auction primarily through its own publications and website, focusing its marketing and promotional efforts in the United States, mainly in the Los Angeles

2

area.  Prior to the auction, it printed 2000 copies of a 200-page cloth-bound color catalogue for distribution to potential bidders.  The Amended Complaint asserts that Christie's untimely distribution of the catalogues and insufficient publicity efforts caused the auction to fail and that "many of the lots, despite their impeccable provenance and extreme desirability, either failed to sell or sold significantly below market value," resulting in a loss to Sveaas of "not less than U.S. $5,000,000."  He filed an Amended Complaint asserting claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and breach of contract.  In a Memorandum Order entered April 21, 2011, the district court granted Christie's motion to dismiss, and Sveaas timely appealed.

### A.      Dismissal of the Breach of Contract Claim

Sveaas first asserts that the district court erred in dismissing his breach of contract claim, arguing, contrary to the district court's conclusion, that Section 2.7(b) of the Agreement did not completely insulate Christie's from liability for promotional efforts it took or failed to take.  He contends that his reading is supported by the difference between the language in Section 2.7(a) of the Agreement and that in Section 2.7(b).

Section 2.7 sets forth Christie's obligations with respect to conducting the auction.  It provides:

> (a) . . . *Christies . . . shall have complete discretion* as to (i) the manner in which such sale is conducted, including the Conditions of Sale then in effect, (ii) the illustration, if any, and the description of the Property in our catalogues and other literature, (iii) seeking the views of any expert either before or after the auction, (iv) consulting any third party regarding the provenance of the Property, . . . (v) the movement of the Property off of Christie's premises for marketing purposes, and (vi) the lot order of the Property within the auction.
>
> (b)      *The Seller hereby authorizes Christies . . . to take such action as Christie's . . . deem[s] reasonable* in order to build interest in the Property prior to the sale,

3

including, without limitation, to present all or any part of the Property to prospective buyers *and otherwise to publicize the property and the sale.*

Agreement § 2.7 (emphases added).

According to the plain language of the Agreement, Section 2.7(a) provides Christie's with complete discretion to determine how the sale will be conducted. Section 2.7(b) authorizes, but does not require, Christie's to take actions that *Christie's deems reasonable* to publicize the auction. These two provisions do not contradict each other or make the Agreement ambiguous. As the district court found, the two provisions, together and separately, accord Christie's "considerable discretion" in how it would promote and conduct the sale. Thus, Section 2.7(b) *does* insulate Christie's from liability with regard to how it exercised its discretion in promoting the auction. That Sveaas disagrees with how Christie's exercised that discretion does not make Christie's liable for breach of contract.

Sveaas also asserts that the district court erred holding that the Amended Complaint did not "state a claim that Christie's acted in a manner that was arbitrary, irrational or in bad faith when considered in light of the positive efforts Christie's did undertake to build interest in the auction." *Sveaas,* 2011 U.S. Dist. LEXIS 49118, at *18. According to Sveaas, the court arrived at this conclusion only by viewing the facts in the light most favorable to Christie's, and engaged in "impermissible fact finding" that ignored his allegations concerning Christie's many faults in promoting the auction.

Under New York law, where a contract contemplates the exercise of discretion, the covenant of good faith and fair dealing "includes a promise not to act arbitrarily or irrationally in

4

exercising that discretion."[1] *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995). Section

2.7 gave Christie's such discretion, and the district court correctly held that Sveaas did not allege

any facts that would show that Christie's exercised such discretion arbitrarily, irrationally or in

bad faith. In addition, Sveaas attached two letters by Christie's executives as exhibits to the

Amended Complaint. One of the letters, relied upon by the district court, detailed Christie's

efforts in promoting the auction and provided a number of explanations why the sale did not live

up to Sveaas's expectations. By referring to that letter, the district court did not engage in fact

finding. Rather, in its analysis the court properly considered the documents attached to the

Amended Complaint. *See Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) ("[I]t is well

established that on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the

court may also rely upon documents attached to the complaint as exhibits and documents

incorporated by reference in the complaint." (internal quotation marks omitted)); *cf. In re*

*Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001) (stating that "a

court need not feel constrained to accept as truth . . . pleadings that . . . are contradicted either by

statements in the complaint itself or by documents upon which its pleadings rely"). Finally,

nothing in the Agreement required Christie's to take the actions that Sveaas asserts it should

have taken to promote the auction. The district court did not err in dismissing the breach of

contract claim.

      **B.**      **Dismissal of the Breach of Fiduciary Duty Claim**

---

[1] The district court properly construed Sveaas's breach of the covenant of good faith and fair dealing claim "as a breach of contract claim premised upon Christie's alleged bad-faith performance of the Agreement."

5

Sveaas asserts that the district court erred in concluding that the Agreement circumscribed the fiduciary duties that Christie's owed to Sveaas. He insists that *Cristallina S.A. v. Christie, Manson & Woods Int'l, Inc.*, 502 N.Y.S.2d 165 (1st Dep't 1986), controls the outcome in this case and that the district court erred by not giving that case controlling weight.

The district court properly held that the parties' fiduciary relationship was "defined and circumscribed" by different provisions in the Agreement, including Sections 2.7(a) and (b), and that the Agreement therefore barred this claim. *Sveaas*, 2011 U.S. Dist. LEXIS 49118, at *15. While Sveaas focuses on the duty of undivided loyalty, a controlling principle here is that the terms of an agency relationship may be modified by contract. *See Greenwood v. Koven*, 880 F. Supp. 186, 194 (S.D.N.Y. 1995) ("Thus, the general duty of undivided loyalty binds an agent only to the extent its duties are not defined by an agreement."). The Agreement permitted Christie's to exercise "complete discretion" regarding how the sale would be conducted, and gave Christie's the authority to promote the sale in the manner it deemed reasonable. It did not require Christie's to publicize the auction in a particular way such that failing to do so would constitute a breach of fiduciary duty owed to Sveaas.

Sveaas's reliance on *Cristallina* is misplaced. The contract in that case required Christie's to advertise and promote the auction in a specific manner. In *Cristallina*, Christie's did not have the kind of discretion that it had here, where the scope of its fiduciary duty was circumscribed by the terms of the contract. The district court did not err in dismissing this claim.

C.      **Dismissal of the Damages Claim**

Sveaas claims that the district court erred in holding that "the Agreement expressly precludes damages for wines that sell below the expected price." He argues that the damages

6

limitation provision in the Agreement "only applies to a theory of damages based on the consignor's reliance on estimates produced by Christie's, not to compensatory damages arising from Christie's breach of the Agreement or its fiduciary duties."

That limitations provision, Section 2.8(b), provides that any estimate made by Christie's with respect to the expected selling price of the wine is a statement of opinion that should not be relied upon by the seller as a guarantee of sale. It also provides that in no event would Christie's "be liable for the failure of [the wines] to be sold at such estimated or expected price or to reach the reserve." In addition, Section 7.6 states that neither party will be liable to the other for "any special, consequential or incidental damages."

Under New York law, a contractual limitation on liability provision "represents the parties' [a]greement on the allocation of the risk of economic loss in the event that the contemplated transaction is not fully executed, which the courts should honor." *Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 436 (1994). The provision is enforceable "unless the party seeking to avoid liability has engaged in grossly negligent conduct evincing a reckless disregard for the rights of others." *Pacnet Network Ltd. v. KDDI Corp.*, 912 N.Y.S.2d 178, 180-81 (1st Dep't 2010) (internal quotation marks omitted). No such conduct was alleged here. The district court did not err in holding, based on the plain text of the Agreement, that the Agreement precluded recovery of damages for wines selling below the expected price.

For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7