■ EDWARD L. SHUGRUE III et al., Appellants, v LEE STAHL et al., Respondents. [985 NYS2d 547]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 26, 2013, which granted defendants' motion to dismiss plaintiffs' second cause of action for fraudulent

inducement as against all defendants and to dismiss all claims against defendant Lee Stahl in his personal capacity, unanimously modified, on the law, to the extent of denying those portions of the motion seeking (1) dismissal of plaintiffs' second cause of action for fraudulent inducement as against all defendants, and (2) dismissal of the second through fourth causes of action asserted as against defendant Stahl, and otherwise affirmed, without costs.

Plaintiffs' fraudulent inducement claim was not duplicative of their claim for breach of contract, since it was based on misrepresentations of then present facts that were collateral to the contract (see GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept [2010], lv dismissed 17 NY3d 782 [2011]), and involved a "breach of duty distinct from, or in addition to, the breach of contract" (Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 118 [1st Dept 1998] [internal quotation marks omitted]). Indeed, the complaint alleged that defendant Lee Stahl, the chief executive officer and sole shareholder of the corporate defendants, misrepresented to plaintiffs that defendants had obtained all of the required permits and approvals and had completed the construction plans for their home renovation project, which induced plaintiffs to enter into the construction contract with defendants in October 2012.

Supreme Court properly dismissed plaintiffs' fifth cause of action against defendant Stahl, seeking alter ego liability and to pierce the corporate veil, since such a claim does not "constitute a cause of action independent of that against the corporation" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; Robinson v Day, 103 AD3d 584, 588 [1st Dept 2013]).

Supreme Court properly dismissed the breach of contract cause of action as against defendant Stahl. There is no indication that Stahl purported to bind himself individually to the construction contract (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 407-408 [1st Dept 2011], affd 19 NY3d 511 [2012]).

The second, third, and fourth causes of action should not have been dismissed as against Stahl, since they allege sufficient facts to hold Stahl personally liable based on his alleged commission of various torts (see Gjuraj v Uplift El. Corp., 110 AD3d 540, 541 [1st Dept 2013]).

We have considered plaintiffs' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Acosta, Moskowitz, Gische and Clark, JJ.