■ In the Matter of the Estate of HARRY H. LIPSIG, Deceased. MARY LOU MANUS, Petitioner; MARK J. MANUS, Respondent. [32 NYS3d 153]—

Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about October 26, 2015, which, to the extent appealed from as limited by the briefs, denied petitioner's cross motion to hold respondent in contempt, unanimously affirmed, without costs.

Considering all of the facts and circumstances of this case, the court providently exercised its discretion by refusing to hold respondent in contempt (see Matter of Storm, 28 AD2d

290, 292-293 [1st Dept 1967]). "To sustain a civil contempt, a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]). While the October 2011 decree ordered respondent to account, it contained no deadline by which he had to comply. Thus, petitioner's remedy was to seek to clarify rather than to move for contempt (*see Matter of Storman v New York City Dept. of Educ.*, 95 AD3d 776, 777 [1st Dept 2012], *appeal dismissed* 19 NY3d 1023 [2012]). Moreover, petitioner waited three years to try to hold respondent in contempt, and we have found a shorter delay to be excessive (*see Levin v Halvin Co.*, 63 AD2d 924, 925 [1st Dept 1978]).

It is true that the May 2015 order contained a deadline for respondent to account and that he did not request an extension until four days after the deadline. However, this violation is de minimis (*see Levin*, 63 AD2d at 924). Furthermore, respondent proffered an excuse—albeit one that petitioner disputes—for failing to meet the deadline. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.