■ ABL Advisor LLC et al., Respondents, v Ian S. Peck et al., Appellants. [49 NYS3d 35]—

Order, Supreme Court, New York County (Geoffrey D.S. Wright, J.), entered July 5, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to hold defendants in civil contempt to the extent of directing defendants to tender $1,176,840.00 to plaintiffs on or before July 11, 2016, unanimously reversed, on the law and the facts, without costs, and plaintiffs' motion denied. Order, same court Justice, and entry date, which denied defendants' motion to dismiss, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against defendants Ian S. Peck and Arts Capital Group LLC. Order, same court and Justice, entered on or about August 8, 2016, which, in effect, granted defendants' motion for leave to reargue their motion to dismiss and

plaintiffs' motion for civil contempt, and, upon reargument, adhered to its earlier determinations and effectively dismissed, sua sponte, defendants' claim for legal fees, unanimously reversed, on the law, without costs, to reinstate defendants' claim for legal fees, and the appeal from the order otherwise dismissed, without costs, as academic.

Supreme Court improvidently exercised its discretion when it found defendants to be in contempt of the court's order dated January 6, 2016 (*see Matter of Lipsig [Manus]*, 139 AD3d 600, 600-601 [1st Dept 2016]). The January 6, 2016 order clearly contemplated a potential settlement, and directed defendants to bring in a check and releases for a settlement conference on January 21, 2016. On January 20, 2016, plaintiffs unequivocally informed defendants that they would not sign any release of their claims, and would merely use the check as a set-off of the amounts allegedly owed to them. Defendants were, therefore, justified in not bringing in the check and releases, given plaintiffs' position and the fact that no settlement would occur.

Moreover, Supreme Court did not fashion a remedy contemplated by the Judiciary Law (*see* Judiciary Law § 753; *Pitterson v Watson*, 299 AD2d 467, 468 [2d Dept 2002]). Instead, the court improperly used the contempt motion to, sua sponte, grant partial summary judgment to plaintiffs, without providing proper notice to the parties of its intent to do so (*see Wiesen v New York Univ.*, 304 AD2d 459, 459 [1st Dept 2003]; *see also Pitterson*, 299 AD2d at 468).

Supreme Court also erred in denying defendants' motion to dismiss. Plaintiffs' claim seeking removal of Patriot and Bluefin should have been dismissed, as the documentary evidence shows that plaintiffs failed to provide proper notice pursuant to section 7 (d) of the Participation Agreements (*see U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 141 AD3d 431, 432 [1st Dept 2016]). The notices plaintiffs rely upon are insufficient.

The breach of contract claim, as alleged against defendants Ian S. Peck and Art Capital Group, LLC (Art Capital), should have been dismissed, as these defendants were not parties to the Participation Agreements or the Settlement Agreement, and the amended complaint does not allege that either defendant intended to be bound by these agreements (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *Shugrue v Stahl*, 117 AD3d 527, 528 [1st Dept 2014]). Plaintiffs' request for attorneys' fees also should have been dismissed, since the Participation Agreements do not entitle plaintiffs to legal fees and the amended complaint provides no other basis for an

award of fees (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]).

The breach of fiduciary duty claim should have been dismissed as duplicative of the breach of contract claim (*NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc.*, 141 AD3d 792, 794 [3d Dept 2016]). Moreover, plaintiffs do not allege any factual basis for a finding that Ian S. Peck or Art Capital owe any fiduciary duty to plaintiffs.

Supreme Court should have dismissed the deceit claim and the "fraud and deceit" claim, because the claims rest solely on the alleged breach of the Participation Agreements (*see Hotel 71 Mezz Lender LLC v Mitchell*, 63 AD3d 447, 448 [1st Dept 2009]; *Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692-693 [1st Dept 1994]).

The gross negligence claim should have been dismissed as duplicative of the breach of contract claim (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]; *Pacnet Network Ltd. v KDDI Corp.*, 78 AD3d 478, 479 [1st Dept 2010]). Moreover, "claims based on negligen[ce] or grossly negligent performance of a contract are not cognizable" (*Pacnet*, 78 AD3d at 479 [internal quotation marks omitted]).

The conversion claim also should have been dismissed as duplicative of the breach of contract claim (*see M.D. Carlisle Realty Corp. v Owners & Tenants Elec. Co. Inc.*, 47 AD3d 408, 409 [1st Dept 2008]).

The existence of express contracts—the Participation Agreements and Loan Documents—bars the unjust enrichment claim (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Allenby, LLC v Credit Suisse, AG*, 134 AD3d 577, 579 [1st Dept 2015]).

Because plaintiffs' allegation of a fiduciary relationship is directly refuted by the Participation Agreements, which were arm's length business transactions that did not create any fiduciary duty, and there are no special circumstances warranting an accounting in the interest of justice, the accounting claim should have been dismissed (*Grossman v Laurence Handprints-N.J.*, 90 AD2d 95, 104-105 [2d Dept 1982]).

Because Supreme Court addressed the merits of the reargument motion, the order on reargument is appealable as of right (*see Lipsky v Manhattan Plaza, Inc.*, 103 AD3d 418, 419 [1st Dept 2013]). To the extent the court dismissed defendants' claim for legal fees in its reargument order, that determination was improper, since no party requested that relief on the motion to reargue. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.

Motion to take judicial notice or for permission to serve and file a supplemental record denied.