■ ELMROCK OPPORTUNITY MASTER FUND I, L.P., Appellant, v CITICORP NORTH AMERICA, INC., et al., Respondents. [62 NYS3d 797]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 23, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the breach of fiduciary duty, fraud in the inducement, and fraud causes of action and the request for punitive damages, unanimously affirmed, with costs.

As to Citicorp the fiduciary duty claim was correctly

dismissed as duplicative of the contract claim (*see e.g. ABL Advisor LLC v Peck*, 147 AD3d 689, 691 [1st Dept 2017]; *Celle v Barclays Bank P.L.C.*, 48 AD3d 301 [1st Dept 2008]).

On appeal, plaintiff argues that its cause of action against defendant ESSL 2, Inc. for breach of fiduciary duty cannot be duplicative of its contract claim against Citicorp. However, the complaint shows that the fiduciary duty claim is pleaded against all three defendants, not ESSL alone. In addition, the fiduciary duty claim alleges, *"Under the Option Purchase and Sale Agreements,* Citi [i.e., defendants] had a fiduciary duty [to plaintiff]" (emphasis added).

The key allegation supporting the fraud in the inducement claim is that defendants knew that nonparty Entergy took the position that certain interests would revert to it after the Ground Leases expired. However, because it is pleaded on information and belief, this allegation is insufficient to state the claim (*see Facebook, Inc. v DLA Piper LLP [US]*, 134 AD3d 610, 615 [1st Dept 2015], *lv denied* 28 NY3d 903 [2016]). Moreover, the Ground Leases—which defendants provided to plaintiff before plaintiff signed the option agreements—gave plaintiff notice that the interests might revert to Entergy at the end of the leases.

While the documentary evidence does not utterly refute the allegation in support of the fraud claim that Entergy settled for more than the claimed $60 million, defendants' misrepresentation, if any, of the amount of the settlement did not cause plaintiff's damages (*see e.g. Meyercord v Curry*, 38 AD3d 315, 316 [1st Dept 2007]).

The complaint does not satisfy the requirements for stating a claim for punitive damages (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). Concur—Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.