Classe v Silverberg (2019 NY Slip Op 00563)





Classe v Silverberg


2019 NY Slip Op 00563


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


652668/15 -8233 8232 8231

[*1]Anthony V. Classe, et al., Plaintiffs-Appellants,
v
Steven Silverberg, et al., Defendants-Respondents.


Law Office of Peter Wessel, PLLC, New York (Gergely Klima of counsel), for appellants.
Feldman & Associates, PLLC, New York (Edward S. Feldman of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 2, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to hold defendants in contempt for violating a settlement agreement, unanimously affirmed, without costs. Order, same court and Justice, entered March 5, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to hold defendants in contempt for violating a settlement agreement, unanimously affirmed, without costs. Order, same court and Justice, entered May 22, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to renew the prior contempt motion, unanimously affirmed, without costs.
Considering all of the facts and circumstances of this case, the court providently exercised its discretion by refusing to hold defendants in contempt (see Penavic v Penavic, 109 AD3d 648, 649 [2d Dept 2013]; Matter of Manus v Manus, 139 AD3d 600, 600 [1st Dept 2016]). Plaintiffs failed to establish by clear and convincing evidence the necessary elements of civil contempt (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015][quoting Matter of McCormick v Axelrod, 59 NY2d 574 [1983]). In particular, plaintiffs did not sufficiently establish that defendants knowingly disobeyed or violated the so ordered settlement agreement by failing to have all erroneous information regarding Affton Graphics, Inc. removed from the 31 offending websites. Steven Silverberg also averred that he contacted at least some of the offending websites and requested that they remove the erroneous information. Moreover, plaintiffs also did not clearly establish that they were prejudiced by the continuing existence of erroneous information linking Affton Graphics Inc. to defendants. Anthony Classe's conclusory statement that Affton Graphics Inc. lost approximately $80,000 in revenue in 2017 as a result of these erroneous postings is unsupported and insufficient for a finding of civil contempt.
Further, Supreme Court properly denied plaintiffs' motion for leave to renew. The "new facts" regarding Yext's distribution of erroneous information at the direction of YellowPages.com, a third party vendor, do not change the prior determination (see CPLR 2221[e]). Silverberg expressly averred in his affidavit that he contacted YellowPages.com and told them to correct erroneous information in early 2017. The fact that YellowPages.com did not [*2]follow through with that request does not warrant a finding of civil contempt. In addition, plaintiffs provided no new facts demonstrating prejudice as a result of the erroneous Internet postings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK