Great Ajax Operating Partnership L.P. v PCG REO Holdings, LLC (2021 NY Slip Op 01324)





Great Ajax Operating Partnership L.P. v PCG REO Holdings, LLC


2021 NY Slip Op 01324


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 651940/17 Appeal No. 13275 Case No. 2020-02999 

[*1]Great Ajax Operating Partnership L.P., Plaintiff-Appellant,
v
PCG REO Holdings, LLC, et al., Defendants-Respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel), for appellant.
Blank Rome LLP, New York (Timothy W. Salter of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered February 26, 2020, which granted defendants' motion for summary judgment dismissing the complaint and for attorneys' fees, unanimously affirmed, with costs.
Initially, we note that "there is no requirement that evidence be submitted by affidavit to prevail on a motion for summary judgment" (Muniz v Bacchus, 282 AD2d 387, 388 [1st Dept 2001], citing Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]).
Plaintiff's claims arising from the sale of the mortgage loan secured by a property in New Jersey were properly dismissed as barred by judicial estoppel. Plaintiff "procured a judgment in its favor as a result of the inconsistent position[s] taken" before a New Jersey court, where it argued that it owned the $185,000 note and mortgage that listed the incorrect address due to a scrivener's error, the note and mortgage were valid, and a satisfaction of mortgage was incorrectly filed (Kalikow 78/79 Co. v State of New York, 174 AD2d 7, 11 [1st Dept 1992], appeal dismissed 79 NY2d 1040 [1992]).
The breach of contract cause of action arising from the transfer of five real estate owned (REO) properties in New York was properly dismissed because defendants delivered deeds for those properties within a reasonable time under the circumstances (Savasta v 470 Newport Assoc., 82 NY2d 763, 765 [1993]; see also Manhattan Life Ins. Co. v Continental Ins. Co., 33 NY2d 370, 372 [1974] ["Transfer of title is accomplished . . . by the delivery of an executed deed"]). Nothing in the record shows that the deeds originally provided were invalid or that plaintiff attempted, but was unable, to record them. Rather, plaintiff requested new deeds specifically to avoid paying additional fees to cover the months during which it did not seek to record them.
The cause of action for fraud, arising from defendants' alleged representations that they would provide new deeds and resolve issues with recording them, as required by § 4.04(c) of the contract, was correctly dismissed as duplicative of the contract claim (see J.E. Morgan Knitting Mills v Reeves Bros., 243 AD2d 422, 423 [1st Dept 1997]).
Plaintiff's proffered damages, based on defendants' alleged failure to transfer title to the properties for almost two years while resolving issues with recording the deeds, are unsubstantiated by any documentation (see e.g. Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495-496 [2d Dept 2007]; Home Boys Shopping Network v Lloyd's N.Y. Ins. Co., 237 AD2d 164 [1st Dept 1997]; S.A.B. Enters. v Village of Athens, 164 AD2d 558, 564 [3d Dept 1991]). Moreover, the proffered damages constitute indirect damages for which the contract bars recovery (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 807-808 [2014]; Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192 [2008]).
The causes of action alleging breach of the implied covenant of good faith and fair dealing were properly dismissed as duplicative [*2]of the contract claims (see MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 297 [1st Dept 2011]). The cause of action for negligence was also properly dismissed as duplicative (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018]; ABL Advisor LLC v Peck, 147 AD3d 689, 691 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021