320 W. 115 Realty LLC v All Bldg. Constr. Corp. (2021 NY Slip Op 03107)





320 W. 115 Realty LLC v All Bldg. Constr. Corp.


2021 NY Slip Op 03107


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 651613/18 Appeal No. 13840 Case No. 2020-02558 

[*1]320 West 115 Realty LLC, Plaintiff-Appellant,
v
All Building Construction Corp., et al., Defendants-Respondents.


The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jessica M. Erickson of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about October 18, 2019, which granted defendants' motion to dismiss plaintiff's claims for fraudulent inducement, negligence, and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, without costs.
In support of the fraudulent inducement claim, plaintiff's main allegations are that (1) defendants submitted an artificially low price, which they never intended to honor, in an effort to induce plaintiff to sign the contract, and (2) defendants did not intend to perform under the contract from the very start. However, a cause of action for breach of contract "cannot be converted into one for fraud by merely alleging that defendant did not intend to fulfill the contract" (Non-Linear Trading Co. v BraddisAssoc., 243 AD2d 107, 118 [1st Dept 1998]). Instead, an actionable claim for fraudulent inducement must allege the "representation of present fact, not of future intent" (Deerfield Communication Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986] [internal quotation marks omitted]). Plaintiff has made no such allegations here.
The claim for negligence was also properly dismissed. It is well settled that, absent allegations of a breach of duty independent of the contract, causes of action "based on negligent or grossly negligent performance of a contract are not cognizable" (Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478, 479 [1st Dept 2010] [internal quotation marks omitted]). The allegations of negligence in the amended complaint relate solely to defendants' alleged faulty performance of the construction work, which does not fall outside of the obligations agreed to under the contract. Plaintiff's attempt to rely on NY Lien Law article 3-A in an effort to establish an extra-contractual duty owed to plaintiff also fails. The allegations of negligence in the amended complaint are not based on a breach of defendants' purported duty to pay subcontractors, but on defendants' alleged failure to properly perform the work. The negligence allegations are duplicative of those asserted in support of plaintiff's claim for breach of contract.
The court properly dismissed plaintiff's claim for breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claim. In support of this claim plaintiff relies on the same facts that form the basis for the breach of contract
claim and seek the exact same damages (see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021