Theroux v Resnicow (2021 NY Slip Op 06823)





Theroux v Resnicow


2021 NY Slip Op 06823


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Singh, Mendez, Higgitt, JJ. 


Index No. 154642/17 Appeal No. 14781 Case No. 2021-00461 

[*1]Justin Theroux, Plaintiff-Appellant,
v
Norman J. Resnicow, Defendant-Respondent, Barbara Resnicow, Defendant, 71 Washington Place Owners, Inc., et al., Nominal Defendants.


Pryor Cashman LLP, New York (Eric D. Sherman of counsel), for appellant.
Peter M. Levine, New York, for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 25, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to hold defendant Norman J. Resnicow in civil contempt, unanimously affirmed, without costs.
In July 2019, Supreme Court granted plaintiff's motion for a preliminary injunction enjoining Resnicow from "[h]arassing, intimidating, threatening, or in any way influencing witnesses and prospective witnesses who have given, or may give, testimony in this action," and "[u]sing abusive language or posture in communications, orally or by written or any other means, with any resident of [the parties' co-op], all of whom are potential witnesses in this action." Plaintiff later moved to hold Resnicow in civil contempt for violating the preliminary injunction based on recordings that plaintiff made, in which Resnicow can be heard yelling and cursing at his wife, defendant Barbara Resnicow.
Supreme Court providently exercised its discretion in denying plaintiff's motion (see Judiciary Law § 753; Matter of Lipsig [Manus], 139 AD3d 600, 600-601 [1st Dept 2016]; Matter of Molino Pastificio Di Ponte San Giovanni, S.p.A. [Andre & Cie, S. A.], 73 AD2d 561, 561-562 [1st Dept 1979]). The preliminary injunction enjoins Resnicow from engaging in the specified conduct specifically where that conduct is undertaken for the purpose of influencing an actual or potential witness's testimony. Plaintiff, however, did not allege that he intends to call Barbara Resnicow as a witness in this action. Plaintiff also failed to establish that Resnicow's actions were intended to affect Barbara Resnicow's testimony, nor did he establish that Resnicow's actions may have affected, or did in fact affect, any testimony that she would give in this matter. As a result, plaintiff failed to demonstrate that his rights were prejudiced (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021