Roberson-Fisch v Fisch

2026 NY Slip Op 02476

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Laura Roberson-Fisch, Plaintiff-Appellant,

v

Michael Fisch, Defendant-Respondent.

Decided and Entered: April 23, 2026

Index No. 365061/22|Appeal No. 6451|Case No. 2025-05741|

Before: Scarpulla, J.P., Friedman, Gesmer, Shulman, Chan, JJ.

Mosberg Sharma Stambleck Gross LLP, New York (Jonathan W. Wolfe of counsel), for appellant.

Cohen Clair Lans Greifer & Simpson LLP, New York (Robert Stephen Cohen of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered on or about August 26, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion and held plaintiff in contempt for her failure to comply with this Court's order dated March 20, 2025 (Roberson-Fisch v Fisch, 236 AD3d 554 [1st Dept 2025], lv dismissed 44 NY3d 1075 [2026]), unanimously modified, on the law, the motion denied, the finding of contempt vacated, and otherwise affirmed, without costs.

Although the contempt has been purged, the appeal is not moot because the adjudication itself may carry potential enduring consequences (see Behan v Kornstein, 164 AD3d 1113, 1116 [1st Dept 2018], lv denied and dismissed 32 NY3d 1078 [2018]; Matter of April G. v Duane M., 105 AD3d 491, 491 [1st Dept 2013]).

The court's determination holding the wife in contempt was an improvident exercise of discretion for two reasons. First, this Court's March 20, 2025 order did not specify any deadline for transferring the funds and therefore lacked the clear and unequivocal mandate required to support a civil contempt finding (see Spathis v Spathis, 174 AD3d 407, 408 [1st Dept 2019]; Matter of Lipsig [Manus], 139 AD3d 600, 601 [1st Dept 2016]; Monaco v Monaco, 116 AD3d 452, 453 [1st Dept 2014]; Matter of Serena W. [Daniels-Wiltshire], 218 AD3d 597, 599 [2d Dept 2023]). Second, the motion court order finding the wife in contempt did not make the required finding that the wife's conduct was calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of the husband (see Judiciary Law § 753[A][3]; Legacy Org., Inc. v Nomellini, 221 AD3d 487, 488 [1st Dept 2023]; Clinton Corner H.D.F.C. v Lavergne, 279 AD2d 339, 341 [1st Dept 2001]), and did not make a recital to that effect (see Judiciary Law § 770; Farkas v Farkas, 209 AD2d 316, 319 [1st Dept 1994]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026